IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00190-RLV
(5:15-cr-00046-RLV-DSC-2)

| | |
|---|---|
| LINDSEY JORDAN PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On September 17, 2015, Petitioner was charged in a first superseding bill of indictment with conspiracy to traffic methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two and Four); and one count of possession of a firearm during and in furtherance of a drug trafficking crime, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three).

On December 8, 2015, Petitioner entered into a written plea agreement with the Government agreeing to plead guilty to Count One in exchange for the Government's agreement to dismiss the remaining three counts in the first superseding indictment. A factual basis was filed along with the plea agreement which provided the following uncontested facts:

1. From in or about 2013 to in or about August 2015, the Defendant, Lindsey Jordan Price, was involved in a conspiracy - that is, a criminal agreement with others - in Catawba County, Iredell County, and Alexander County, within the Western District of North Carolina, and elsewhere, to distribute and to possess with intent to distribute

methamphetamine.

2. On April 4, 2014, law enforcement in Catawba County conducted a search of the residence of Lindsay Jordan PRICE and her boyfriend at the time, Ryan Lewis CRAIG (who has been charged by indictment in WDNC Docket Number 5:15-cr-46-RLV for Methamphetamine Trafficking Conspiracy). The law enforcement team seized methamphetamine, $654 in U.S. currency, and four firearms.

3. On March 6 2015, officers from the Statesville Police Department responded to the K-Mart on Broad Street regarding a shoplifting incident. When officers arrived they encountered Lindsey Jordan PRICE and as a result of that investigation PRICE was found to be in possession of approximately 1.6 grams (16 dosage units) of crystal methamphetamine and a taser/stun gun.

4. Following the discovery of crystal methamphetamine narcotics investigators were called to the scene where PRICE was interviewed and made a *Mirandized* statement against her penal interest. PRICE stated she was CRAIG's girlfriend and admitted to being involved with him in the distribution of crystal methamphetamine in Alexander County and the surrounding areas.

5. On May 28, 2015, investigators from the Alexander County Sheriff's Office conducted a non-custodial interview of Defendant PRICE. PRICE stated that she had known and been involved in the drug trade with CRAIG since 2013 and was present on multiple occasions when between fifteen ounces and two kilograms of crystal methamphetamine were delivered to the residence she shared with CRAIG by their source of supply. PRICE stated they were distributing approximately one pound of crystal methamphetamine a day for two years. PRICE stated she had been with CRAIG to make deliveries of crystal methamphetamine and to collect money on several occasions resulting from the sale of crystal methamphetamine.

6. On September 15, 2015, Defendant PRICE debriefed again with law enforcement and clarified the specifics of her drug trafficking and described how the amount of methamphetamine that was known to or reasonably for seeable to her was more than five thousand (5 000) grams but less than fifteen thousand (15,000) grams.

(5:15-cr-00046, Doc. No. 20: Factual Basis).

On February 29, 2016, Petitioner appeared before U.S. Magistrate Judge David S. Cayer for her Plea and Rule 11 hearing and she answered questions while under oath. The elements of Count One were explained to Petitioner along with the maximum penalties she faced upon

conviction. Petitioner was also informed that she could plead not guilty and proceed to trial where the Government would have the burden of proving her guilt beyond a reasonable doubt. Petitioner averred that she understood these rights and that she wished to plead guilty to Count One. The essential terms of her plea agreement were reviewed and Petitioner averred that she understood and agreed with each of the terms in her plea agreement. The court reduced Petitioner's answers to writing and Petitioner signed the Acceptance and Entry of Plea form acknowledging that her answers were truthful, and her plea was accepted after the court concluded that it was knowing and voluntary. (Id., Doc. No. 33).

In Petitioner's presentence report (PSR), the probation officer calculated a base offense level of 34 pursuant to § 2D1.1 of the U.S. Sentencing Guidelines Manual (USSG) because the conspiracy charged in Count One involved more than 5,000 grams, but less than 15,000 grams of methamphetamine. A two-level enhancement was applied pursuant to USSG § 2D1.1(b)(1) because Petitioner possessed a firearm during the course of the conspiracy. After adjusting for acceptance of responsibility, Petitioner's total offense level was 33 and with a criminal history category of I, Petitioner's Guidelines range was 135 to 168-months' imprisonment.

Petitioner filed a number of objections to the PSR which included an argument that she should receive a reduction in her Guidelines range because she was a minor participant in the drug conspiracy as defined in USSG § 3B1.2. The probation officer recommended that this objection be overruled based on the fact of her extensive involvement in the conspiracy to traffic methamphetamine which lasted from 2013 until her arrest in August 2015. (Id., Doc. No. 45: PSR at 14).

On August 9, 2016, Petitioner appeared for her sentencing hearing and she withdrew her

objection regarding the minor participant reduction. The Court granted the Government's § 5K1.1 motion for a departure based on Petitioner's substantial assistance in the investigation into methamphetamine trafficking, and she was sentenced to a term of 63-months and she did not appeal. (Id., Doc. No. 52: Judgment).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner contends that she is entitled to sentencing relief based on Amendment 794 to USSG § 3B1.2. (5:16-cv-00190, Doc. No. 1: Motion to Vacate). Amendment 794 amended the commentary to § 3B1.2 to address what the Commission considered was an inconsistent application of the mitigating role reduction for low-level offenders. In particular, the amendment added a non-exhaustive list for the court to consider when determining whether to apply the guideline and to what extent. See USSG § 3B1.2 cmt. n.3(C) (2015). The Commission made the amendment effective for defendants sentenced on or after November 1, 2015. Consequently, Petitioner would have been entitled to consideration for a minor participant reduction; however, Petitioner's present application for such a reduction will be denied for three reasons.

4

First, Petitioner withdrew her objection that she should be entitled to a minor participant reduction during her sentencing hearing. Second, Petitioner did not appeal her sentence, and it is well-settled that "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks and citations omitted). Finally, the factual basis to which Petitioner stipulated demonstrates beyond question that she played a significant role in trafficking methamphetamine for roughly a three-year span, thus she would not have been eligible for the minor role reduction.

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: November 1, 2016

*[Signature]*

Richard L. Voorhees
United States District Judge