UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-151-RLV
(5:15-cr-46-RLV-DSC-2)

| | |
|---|---|
| LINDSEY JORDAN PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

### I. BACKGROUND

On February 29, 2016, pro se Petitioner Lindsey Jordan Price pled guilty in this Court, pursuant to a written agreement, to conspiracy to traffic methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). (Crim. Case No. 5:15-cr-46-RLV-DSC-2, Doc. No. 21: Plea Agreement; Doc. No. 33: Acceptance and Entry of Guilty Plea). After receiving a downward departure under U.S.S.G. § 5K1.1, Petitioner was subsequently sentenced to 63 months of imprisonment, and she did not appeal. (Id., Doc. No. 52: Judgment). On October 17, 2016, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255. (Id., Doc. No. 54: Civ. No. 5:16cv190). On November 1, 2016, this Court denied and dismissed the motion to vacate with prejudice on the merits. (Id., Doc. No. 55). Petitioner filed the instant motion to

1

vacate on August 22, 2017, placing the petition in the prison mailing system on August 2, 2017. In her pending motion, Petitioner contends that her attorney "failed to object to, and correct, the application of an enhancement to my sentencing guidelines" as to the two-level enhancement that she received at sentencing for firearms possession, under U.S.S.G. § 2D1.1(b)(1). (Civ. Doc. No. 1 at 4).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner filed the instant motion to vacate on August 2, 2017, seeking to have the Court vacate her conviction and sentence in Criminal Case No. 5:15-cr-46-RLV-DSC-2.  Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate as time-barred.  Thus, this is a successive petition.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Petitioner has not shown that she has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this

successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

This Court notes that, in her present petition, Petitioner argues that her first petition, in which she requested a minor role reduction in her sentence under Amendment 794 to the United States Sentencing Guidelines, "should not have been filed as a habeas petition, as it sought non-habeas relief."  (Civ. Doc. No. 1 at 2).  In other words, Petitioner appears to be arguing that, before this Court construed her first filing as a motion to vacate under 28 U.S.C. § 2255, this Court should have first given her a warning pursuant to Castro v. United States, in which the Supreme Court held that before "characterizing as a first § 2255 motion a pro se litigant's filing that did not previously bear that label," a district court must first give notice to the petitioner that the court intends to construe the filing as a motion under Section 2255, thereby giving the litigant an opportunity to contest the recharacterization, or withdraw or amend the motion.  540 U.S. 375, 382 (2003) (emphasis added).

Petitioner was not entitled to a Castro warning before this Court construed her first filing as a Section 2255 petition.  Here, although Petitioner sought a reduction in sentencing under Amendment 794 in her first filing, her first filing was clearly designated in the caption as a "Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. 2255—Motion for Minimal or Minor Role under Amendment 794."  (Civ. No. 5:16cv190-RLV, Doc. No. 1 at 1).  Furthermore, Petitioner stated in the text of her filing that she sought "a resentencing on her 2255 Motion."  (Id. at 2).  Thus, Petitioner's filing clearly bore the label and was characterized by Petitioner herself as a Section 2255 motion.  Castro therefore does not apply to Petitioner. Accord In re Platts, 551 F. App'x 26, 26 n.1 (3d Cir. 2014) ("[Petitioner] expressly captioned his

3

§ 2255 motion as a § 2255 motion, so Castro does not apply to him."); Orr v. United States, No. 1:03CR35-M, 2008 WL 4186935, at *2 (N.D. Miss. Sept. 8, 2008) ("As [Petitioner] unequivocally characterized each motion as the type seeking relief under 28 U.S.C. § 2255, the rule set forth in Castro does not apply to this case.").

In any event, even assuming that this is Petitioner's first-filed petition for purposes of successive petitions under Section 2255, Petitioner is not entitled to relief on the merits. Here, Petitioner is challenging her two-level firearms enhancement under U.S.S.G. § 2D1.1(b)(1). As the Fourth Circuit has held, however, a "misapplication of the sentencing guidelines does not amount to" the kind of "miscarriage of justice" required for a non-constitutional error to be cognizable on collateral review. United States v. Foote, 784 F.3d 931, 935-36 (4th Cir. 2015). Thus, even if the Court were to address the merits of the petition, it would be dismissed for failure to state a cognizable claim under Section 2255.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

4

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 24, 2017

Richard L. Voorhees
United States District Judge